UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| V. | ) Case No. 3:02CR249 (AWT) |
| ROSHAWN REED, | ) |
| Defendant. | ) |

PRO SE MOTION THAT THE COURT REDUCE THE PETITIONER'S SENTENCE
BASED ON THE DECISION OF THE U.S. SUPREME COURT IN
KIMBROUGH v. UNITED STATES, No. 06-6330, 12/10/07

SUPREME COURT OF THE UNITED STATES HELD:

1. Under **United States v. Booker**, 543 U.S. 220, the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit **erred** in holding the crack/powder disparity effectively mandatory. A district judge must include the Guideline range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guideline sentence is "greater than necessary" to serve the objective of sentencing, §3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses. Pp. 5-21.

IV

"We have accordingly recognized that, in the ordinary case, the Commission's recommendations of a sentencing range will "reflect a rough approximation of sentences that might achieve §3553(a) objectives" **Rita,** 551 U.S.

IV Continued:

    The sentencing judge, on the other hand, has "greater familiarity with ... the individual case and the individual defendant before him than the Commission or the appeals court." He is therefore "in a superior position to find facts and judge their import under §3553(a)" in each particular case. **Gall v. United States ante** at 13. In light of these discrete institutional strenghts, a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply." **Rita,** 551 U.S. (slip op., at 12)

    "Indeed the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, **i.e.,** sentences for crack cocaine offenses **"greater than necessary"** in light of the purposes of sentencing set forth in §3553(a). See **supra at 8-9.** Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve §3553(a)'s purposes, even in a mine-run case.

2. On December 10, 2007, the U.S. Supreme Court made its decision in the **KIMBROUGH** case.

3. On May 1, 2007, the U.S. Sentencing Commission made its submission to Congress to reduce the Guidelines on Crack related cases by two (2) levels. The Commission specified an effective date of November 1, 2007.

4. The U.S. Supreme Court did not reference the May 1, 2007 decision of the U.S. Sentencing Commission in its decision in **KIMBROUGH.**

## CONCLUSION

5. That consideration for a re-sentencing under **KIMBROUGH**, would be based on the revised two level Guideline reduction.

6. **KIMBROUGH** pleaded guilty to four (4) offenses: conspiracy to distribute crack and powder; possession with intent to distribute more than 50 grams of crack; possession with intent to distribute powder; and possession of a firearm in furtherance of a drug-trafficking offense.

7. The **DEFENDANT** pleaded guilty to one (1) counts of possession and distribution of Crack cocaine.

8. There was **no firearm** involved in the defendant's offenses.

## RELIEF

9. That the Court resentence the defendant using a 1 to 1 crack to powder format thereby reducing his sentence or in the alternative a format that would reduce his sentence to a reasonable level in compliance with the intent of the U.S. Supreme Court.

Respectfully Submitted on this the 10Th day of April 2008.


_Roshawn M. Reed_
Roshawn Reed, Pro Se Petitioner
14875-014  Unit J/A
FMC-Devens, P.O. Box 879
Ayer, Massachusetts  01432

## CERTIFICATE OF SERVICE

Clerk of Court
United States District Court
141 Church Street
New Haven, Connecticut  06510


H. Gordon Hall, Esquire
Asst. U.S. Attorney
Office of the U.S. Attorney
Connecticut Financial Center
Ne Haven, Connecticut  06508